# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 22, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MARY ORLOSKI, | * | No. 17-936V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Verne E. Paradie, Jr., Paradie, Sherman, et al., Lewiston, ME, for Petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 13, 2017, Mary Orloski ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the influenza vaccine she received on October 23, 2014, and the tetanus-diphtheria-acellular-pertussis vaccine she received on November 18, 2015, caused her to develop acute disseminated encephalomyelitis. On October 31, 2019, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 47). Petitioner's motion for review was

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

denied by the Court of Federal Claims on March 17, 2020, and that decision was affirmed by the Court of Appeals for the Federal Circuit on March 8, 2021.

On April 2, 2021, Petitioner filed a motion for attorneys' fees and costs. (ECF No. 62) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $29,328.30, representing $26,454.00 in attorneys' fees and $2,874.30 in attorneys' costs. Fees App. Ex. 1 at 4. Pursuant to General Order No. 9, Petitioner has indicated that she has not incurred any out of pocket costs. Fees App. at 4. Respondent responded to the motion on April 16, 2021, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 65). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.        Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**a.        Hourly Rate**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1,

2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests that her attorney, Mr. Verne Paradie, be compensated at $420.00 per hour for all work performed in this case, from 2017 to 2020. These rates require a reduction and further discussion. Concerning the work performed in 2017 and 2018, the requested rate exceeds what has previously been found reasonable for Mr. Paradie (and also what Mr. Paradie has previously billed his time). *Towne v. Sec'y of Health & Human Servs.*, No. 16-1116V, 2019 WL 2153343, at *2 (Fed. Cl. Spec. Mstr. Mar. 18, 2019) (awarding Mr. Paradie $300.00 per hour for work performed in 2017 and 2018).

Concerning work performed in 2019 and 2020, the undersigned finds that it is reasonable to increase Mr. Paradie's hourly rate. The question at bar then is, what is a reasonable hourly rate for Mr. Paradie's time during these years. Petitioner argues that the "Attorney's Fee Schedule places counsel in the 20–30 year range and the hourly fee between $414.00 and $491.00. [He]has set his fee at $420.00 per hour." Fees App. at 3. However, the numbers petitioner cites to are from the 2021 Fee Schedule and are inapplicable to the instant case, because Mr. Paradie has not billed any work in 2021. The Fee Schedule for 2019 prescribes a lower hourly rate between $378.00 and $448.00, while the 2020 Schedule is between $394.00 and $467.00.

Moreover, these rates are for attorneys practicing in a locale that has been determined to be "in-forum" – that is, the reasonable local rates for the attorney are substantially similar to the reasonable rates that attorney would command in the forum (in Vaccine Program litigation, the forum is Washington, DC). It is not readily apparent to the undersigned whether Mr. Paradie, who maintains his legal practice in Lewiston, Maine, would be entitled to receive forum rates. The undersigned is not aware of any prior decisions from the Court of Federal Claims which have found Mr. Paradie to be in-forum, and petitioner in the instant case has offered no such argument. Indeed, Mr. Paradie's billing in prior cases reveals he has requested and received amounts below the forum rates. Specifically, as previously noted, Mr. Paradie billed $300.00 per hour for work performed in 2017, despite the 2017 Fee Schedule prescribing an hourly rate between $307.00 and $383.00 for comparable years of experience. *Towne*, 2019 WL 2153343, at *2. The undersigned is also not aware of *any* attorney practicing in Maine who has found to be entitled to forum rates in the Vaccine Program. *See, e.g.*, *Murray v. Sec'y of Health & Human Servs.*, No. 17-361V, 2019 WL 994572, at *2 (Fed. Cl. Spec. Mstr. Jan. 28, 2019) (the undersigned noting that petitioner did not request in-forum rates for her attorney located in Kennebunk, Maine).

In sum, the undersigned finds that Mr. Paradie is not entitled to forum rates for his work in this case. Based on all relevant factors, the undersigned finds the following hourly rates to be reasonable for Mr. Paradie's work: $300.00 per hour for work performed in 2017 and 2018,

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

$315.00 per hour for work performed in 2019, and $330.00 per hour for work performed in 2020. Application of these hourly rates results in a reduction of $6,712.50.[4]

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $19,741.50.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,874.30 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and the appeal filing fee. Fees App. Ex. 1 at 4. Petitioner has provided adequate documentation of all these expenses and they appear reasonable for the work performed in this case. Petitioner is therefore awarded the full amount of costs sought.

### II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $26,454.00 |
|---|---|
| (Reduction to Fees) | - ($6,712.50) |
| **Total Attorneys' Fees Awarded** | **$19,741.50** |
|  |  |
| Attorneys' Costs Requested | $2,874.30 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,874.30** |
|  |  |
| **Total Attorneys' Fees and Costs** | **$22,615.80** |

---

[4] 2017: ($420/hour billed - $300/hour awarded) * 9.0 hours billed = $1,080.00.
2018: ($420/hour billed - $300/hour awarded) * 22.8 hours billed = $2,736.00.
2019: ($420/hour billed - $315/hour awarded) * 13.7 hours billed = $1,438.50.
2020: ($420/hour billed - $330/hour awarded) * 16.2 hours billed = $1,458.00.

**Accordingly, the undersigned awards a lump sum in the amount of $22,615.80, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. Verne Paradie, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.